**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> Defendant - Appellant. | No. 13-16480 <br><br> D.C. No. 3:12-cv-03683-THE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted October 21, 2015
Stanford University School of Law, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

The U.S. Department of Commerce ("Commerce") appeals the district

court's grant of summary judgment in favor of the Electronic Frontier Foundation

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("EFF") on its Freedom of Information Act ("FOIA") request. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

In response to the request, Commerce invoked FOIA Exemption 3 to withhold information obtained through its export licensing program, as set forth in the Export Administration Act of 1979 ("EAA"), 50 U.S.C. app. §§ 2401–2420 (expired Aug. 21, 2001). The district court concluded that Commerce could not rely on an expired statute to invoke Exemption 3, and it ordered Commerce to disclose to EFF information obtained in Commerce's export licensing applications and withheld solely on the basis of Exemption 3. *Elec. Frontier Found. v. U.S. Dep't of Commerce*, 58 F. Supp. 3d 1008, 1013–14 (N.D. Cal. 2013).

During the pendency of this appeal, Congress enacted the Naval Vessel Transfer Act of 2013, Public L. 113-726 (S. 1683), 128 Stat. 2994 (Dec. 18, 2014). Section 209 of that act declares, "Section 12(c) of the Export Administration Act of 1979 (50 U.S.C. app. 2411(c)) has been in effect from August 20, 2001, and continues in effect on and after the date of the enactment of this Act, pursuant to the International Emergency Economic Powers Act." Section 209 further declared that, "Section 12(c)(1) of the Export Administration Act of 1979 is a statute covered by section 552(b)(3) of title 5, United States Code."

2

A statute with retroactive effect enacted during the pendency of an appeal applies to a FOIA request. *See Ctr. for Biological Diversity v. U.S. Dep't of Agric.*, 626 F.3d 1113, 1117–18 (9th Cir. 2010); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) ("[W]hen a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Commerce urges that Congress intended Section 209 to be retroactive; EFF contends that no retroactive effect was intended. In light of the parties' arguments, and because the district court did not have the benefit of Public Law 113-276 when it considered the parties' claims, we vacate the judgment and remand for further consideration.

VACATED AND REMANDED.

The parties shall bear their own costs on appeal.